# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| MOISES BALTAZAR CRUZ-MIRANDA, et al., <br><br> Plaintiff(s), <br><br> v. <br><br> ANTHONY DAN-PATRICK MCCALL, <br><br> Defendant(s). | Case No.: 2:20-cv-00581-JAD-NJK <br><br> **ORDER** <br><br> (Docket No. 9) |

Pending before the Court is the parties' proposed discovery plan. Docket No. 9. The presumptively reasonable discovery period is 180 days. Local Rule 26-1(b)(1). The parties seek a discovery period of 599 days—more than three times the presumptively reasonable discovery period. *See* Docket No. 9 at 3.[1]

The parties provide six reasons for why they seek special scheduling:

1. Plaintiffs allege extensive injuries that amount to more than $3,800,000;

2. Plaintiffs assert that Plaintiff Cruz-Miranda "will require over 40 years of continued care amounting to $1,243,049.52;"

3. Plaintiffs assert that Plaintiff Gomez Ramos "will require 50 years of continued care amounting to $2,522,352.75;"

4. "Extensive expert review of the alleged damages is required;"

5. "Additional time is needed given that Defendant resides out-of-state, particularly in light of current travel advisory;" and

---

[1] Generally, the discovery period is measured from the date of the first answer or other appearance by a defendant. Local Rule 26-1(b)(1). Defendant filed his answer on March 30, 2020. Docket No. 5. Thus, the Court will measure the discovery cut-off from that date.

1

6. The "pandemic and related closures pursuant to Federal and State-level orders necessitate additional time as well."

*Id.* at 2–3.

The Court finds that the parties have failed to establish that a 599-day discovery period is warranted. The parties' reasons—though potentially valid reasons to warrant extended discovery deadlines—fail to make clear why a discovery period more than three times the presumptively reasonable period is needed.

Further, the Court is sympathetic to the challenges of practicing law in the current environment. When a <u>specific</u> showing has been made that established deadlines cannot be met in a particular case (e.g., because out-of-state depositions cannot move forward with travel or other restrictions), the Court has found good cause for extension. However, the parties' instant request merely submits that "the current travel advisory" and the "pandemic and related closures pursuant to Federal and State-level orders necessitate additional time . . . ." *Id.* at 3.

Accordingly, the proposed discovery plan is **DENIED** without prejudice. Docket No. 9. An amended discovery plan must be filed by May 26, 2020. To the extent special scheduling review is sought therein, a specific showing must be made as to why the presumptively reasonable deadlines should not apply, based on the particular circumstances of this case, and why the dates requested are reasonable. Otherwise, the parties must include the default deadlines, properly calculated from March 30, 2020.

IT IS SO ORDERED.

Dated: May 18, 2020

_____
Nancy J. Koppe
United States Magistrate Judge

2